Filing # 61174032 E-Filed 08/31/2017 09:30:42 AM

IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR HERNANDO COUNTY, STATE OF FLORIDA
CIVIL DIVISION

TERESA MORALES,

    Plaintiff,

v.    CASE NO.:

DOLLAR GENERAL CORPORATION,

    Defendant.
_____/

### COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, TERESA MORALES, by and through her undersigned attorney, and sues the Defendant, DOLLAR GENERAL CORPORATION and alleges:

1. This is an action for damages for a sum in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00).

2. At all times material to the allegations, DOLLAR GENERAL CORPORATION (hereinafter "DOLLAR GENERAL"), was a foreign corporation doing business in the state of Florida.

3. At all times material to the allegations contained herein, DOLLAR GENERAL was the owner and in possession and control of store #04341 located at 3449 Mariner Blvd, Spring Hill, Florida.

4. On July 05, 2016, TERESA MORALES (hereinafter "Plaintiff), a citizen of the state of Florida, was lawfully on the premises of DOLLAR GENERAL as an

invitee when her foot came into contact with a crate or basket that was placed or left on the floor of the store, causing her to fall.

5. At all times the Plaintiff was acting with due care and walking in a normal manner as expected under the conditions.

6. At the time of the incident, a DOLLAR GENERAL employee was present in that store and witnessed the event.

7. Said DOLLAR GENERAL Employee was also in a position to have discovered the existence of the crate or basket left in the aisle.

8. On the date and place above, DOLLAR GENERAL owed a duty to the Plaintiff to maintain said premises in a reasonably safe condition and to protect the Plaintiff from dangers of which Defendant, DOLLAR GENERAL, was or reasonably should have been aware.

9. DOLLAR GENERAL knew, or in the exercise of reasonable care should have known, that the condition existed for a period of time that precautionary steps could have been taken.

10. The Defendant, DOLLAR GENERAL, allowed the obstruction to remain on the floor without providing warning signs and without acting to detect or remedy such a dangerous condition.

11. At the same date and place described above, the Defendant, DOLLAR GENERAL, breached its duties owed to the Plaintiff, and was negligent by:

   a. Creating or allowing a dangerous condition to exist;

10/11/2017

    b. failing to protect the Plaintiff from or correct the aforesaid dangerous condition;

    c. failing to warn or otherwise notify the Plaintiff of the aforesaid condition;

    d. failing to properly and adequately maintain the premises in a reasonably safe condition; and

    e. failing to properly train its agents, servants and employees.

12. The negligent condition was created by the Defendant, DOLLAR GENERAL, its agents, servants or employees, or had existed for a sufficient length of time so that Defendant, DOLLAR GENERAL, should have known of it.

13. The negligent condition occurred with regularity and was therefore foreseeable.

14. As a direct and proximate result of the negligence of the Defendant, DOLLAR GENERAL, as set forth herein, the Plaintiff, TERESA MORALES, was injured in and about her body and extremities, suffered pain there from, incurred medical expense in the treatment of the injuries, and suffered physical handicap; the injuries are either permanent or continuing in nature and Plaintiff will suffer the losses and impairment in the future.

WHEREFORE, Plaintiff, TERESA MORALES, demands judgment for damages against Defendant, DOLLAR GENERAL CORPORATION, and demands trial by jury.

DATED this 31 day of August, 2017.

        CARLSON, MEISSNER, HART & HAYSLETT, P.A.

        _____
        SARAH BARKLEY RAAYMAKERS, ESQUIRE
        Florida Bar # 067899
        7614 Massachusetts Avenue
        New Port Richey, FL 34653
        Tel:   (727) 847-2737
        Fax:  (727) 859-9727
        Email: sarahb@carlsonmeissner.com
        Attorney for Plaintiff